# UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **CARLTON WAYNE KNIGHT**, | Bankruptcy No. 22-00504 |
| Debtor. | Honorable Deborah L. Thorne |
| **REED HEILIGMAN, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF THE ESTATE OF CARLTON WAYNE KNIGHT,** | |
| Plaintiff, | Adversary No. _____ |
| v. | |
| **JENNIFER KNIGHT,** | |
| Defendant. | |

## ADVERSARY COMPLAINT

Reed Heiligman, not individually but as the chapter 7 trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate of Carlton Wayne Knight (the "Debtor") brings this action, pursuant to sections 548 and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to avoid and recover from Jennifer Knight ("Defendant"), all transfers of property from the Debtor prior to the commencement of the bankruptcy case that were made for less than reasonably equivalent value while the Debtor was insolvent or was rendered insolvent because of such transfer; and to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Debtor.

## JURISDICTION AND VENUE

1. The statutory and legal predicates that entitle the Trustee to the relief sought herein are sections 502, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

2. As this is a case arising under the Bankruptcy Code, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 & 1334(b), and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (H), and this Court has constitutional authority to enter final judgments and orders herein.

4. If it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments, the Trustee consents, pursuant to 28 U.S.C. § 157(c), to a bankruptcy judge hearing and finally determining all matters and entering appropriate final orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. The Defendant is an individual that resides at 3215 S. Rhodes Chicago, IL 60616.

7. The Defendant is married to the Debtor.

8. On January 16, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

9. The Trustee is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate.

10. As disclosed on the Debtor's Statement of Financial Affairs [Dkt. No. 48] filed in the underlying bankruptcy case, on September 29, 2020, the Debtor made one or more transfers to the Defendant in the total amount of $375,000 (the "Transfer").

11. The Debtor did not receive reasonable equivalent value in exchange for the Transfer.

12. The Debtor was insolvent at the time of the Transfer.

13. Specifically, in the Debtor's Summary of Assets and Liabilities and Certain Statistical Information [Dkt. No. 46] filed in the underlying bankruptcy case, Debtor lists $403,673 in assets and $749,507.30 in liabilities as of the Petition Date.

14. On April 12, 2022, the Trustee sent a demand letter to the Defendant seeking repayment of the Transfer. To date, the Defendant has neither turned over the Transfer nor responded substantively to the demand letter.

15. The Trustee is seeking to avoid all transfers of an interest of Debtor's property made by the Debtor to the Defendant for which he did not receive reasonably equivalent value during the two years prior to the Petition Date.

16. During this proceeding, the Trustee may learn of additional fraudulent conveyances made by the Debtor to the Defendant that may be avoidable under other provisions of the Bankruptcy Code. The Trustee intends to avoid and recover all avoidable transfers of property that the Debtor made to or for the benefit of the Defendant or any other transferee.

17. Accordingly, the Trustee reserves the right to amend this original complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional Defendants, and/or (v) additional causes of action, if applicable, that may become known to the Trustee at any time

during this adversary proceeding, and for any amendments to relate back to this original complaint.

### COUNT I - 11 U.S.C. § 548(a)(1)(B)
### AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS

18. The Trustee incorporates all preceding paragraphs as if fully set forth herein.

19. The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

20. The Debtor made the Transfer to Defendant within two years before the Petition Date.

21. The Debtor did not receive anything in exchange for the Transfer.

22. As evidenced by the Debtor's Summary of Assets and Liabilities and Certain Statistical Information [Dkt. No. 46] filed in the underlying bankruptcy case, the Debtor's liabilities exceeded his assets by more than $345,000 as of the Petition Date.

23. The Debtor was insolvent as of the date of the Transfer or became insolvent as a result of the Transfer.

24. In accordance with the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### COUNT II - 11 U.S.C. § 550
### RECOVERY OF AVOIDED TRANSFER

25. The Trustee incorporates all preceding paragraphs as if fully set forth herein.

26. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

27. Defendant was the initial transferee of the Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the transfer(s) were made.

28. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant the value of the Transfer, plus interest thereon from the date of demand to the date of payment and the costs of this action.

### COUNT III - 11 U.S.C. § 502(d)
### DISALLOWANCE OF ALL CLAIMS

29. The Trustee incorporates all preceding paragraphs as if fully set forth herein.

30. Defendant is a transferee of a transfer avoidable under section 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

31. Defendant has not paid the amount of the Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

32. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or her assignee, against the Debtor's estate must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

[CONTINUED ON FOLLOWING PAGE]

**WHEREFORE**, Reed Heiligman, not individually but as the chapter 7 trustee of the bankruptcy estate of Carlton Wayne Knight, requests that this Court grant the following relief:

(i) Judgment in favor of the Trustee and against Defendant Jennifer Knight, avoiding the Transfer and directing Defendant to return to the Trustee the amount of the Transfer, pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

(ii) judgment in favor of the Trustee and against Defendant Jennifer Knight disallowing any claims held by Defendant against the estate until Defendant returns the value of the Transfer to Plaintiff pursuant to 11 U.S.C. § 502(d); and,

(iii) such other and further relief as this Court may deem just and proper.

Dated: June 10, 2022

Respectfully submitted,

**REED HEILIGMAN, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE OF THE ESTATE OF CARLTON WAYNE KNIGHT**

By: /s/ Blair R. Zanzig
(One of his Attorneys)

Blair R. Zanzig (ARDC #6273293)
Alex J. Whitt (ARDC #6315835)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
bzanzig@hzhlaw.com

*Counsel for Reed Heiligman, Trustee*